# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SJZ SHIELDS, LLC,<br><br>　　　　Defendant. | Case No. 1:15-cv-00765---SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING RE SERVICE OF PROCESS<br><br>OCTOBER 2, 2016 DEADLINE |

Plaintiff filed this action on May 19, 2015 against Defendant SJZ Shields, LLC. alleging violations of the Americans with Disabilities Act, California Unruh Act, and California Business and Professions Code. On June 5, 2015, Plaintiff returned a proof of service of summons. Plaintiff filed a request for entry of default which was entered on July 13, 2015. On September 8, 2015, Plaintiff filed a motion for default judgment.

In deciding whether to grant the motion for default judgment, the Court first determines whether the service of process in this action complied with the requirements of federal and, where relevant, state law. Rule 4 of the Federal Rules of Civil Procedure provides that a corporation must be served

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and

1     the statute so requires--by also mailing a copy of each to the defendant[.]

2 Fed. R. Civ. P. 4(h)(1)(B).

3     Rule 4(e) states that an individual may be served by following state law for service of the

4 summons in the state where the court is located or by any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

    California law provides for service of process on a corporation by serving the person designated as the agent for service of process or certain enumerated officers or other authorized agents of the corporation, or where the serving party cannot with reasonable diligence serve an individual in another category, the Secretary of State can be served as provided by Corporations Code Section 1702.  Cal. Code. Civ. P. § 416.10(a)(b); <u>Gibble v. Car-Lene Research, Inc.</u>, 67 Cal.App.4th 295, 303 (1998).  Under California law substituted service can be effected by

> leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code of Civ. P. § 415.20(a).

    In this instance, the proof of service indicates that Plaintiff served the agent for service at 4201 E. Shields Avenue, Fresno, California 93726.  (ECF No. 4.)  However, according to the Secretary of State's website, Mr. Zarbarsky's address is 2439 Rall Avenue, Clovis, California 93611.  <u>See</u> Business Entity Detail located at http://kepler.sos.ca.gov/, enter entity name of SJZ Shields (last visited 9/16/15).  The address at which Plaintiff served Mr. Zarbarsky does not appear to be his business address, dwelling or usual place of abode.  Further, " '[o]rdinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of

reasonable diligence and allow substituted service to be made.' " Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (quoting Bein v. Brechtel–Jochim Group, Inc., 6 Cal.App.4th 1387, 1390, 8 Cal.Rptr.2d 351, 352 (1992) (citing Espindola v. Nunez, 199 Cal.App.3d 1389, 1392, 245 Cal.Rptr. 596 (1988)).  Here, there is no evidence that Plaintiff made any attempt at personally serving Mr. Zarbarsky prior to effecting substitute service.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  In this action, Plaintiff is seeking default judgment against a party who has not appeared in the action. Therefore, the Court finds that Plaintiff shall be required to brief the issue of why service in this action was sufficient to comply with the notice requirements of due process and the federal and/or state rules governing service.

Accordingly, IT IS HEREBY ORDERED that on or before October 2, 2015, Plaintiff shall file supplemental briefing addressing why service of the complaint in this instance comports with the requirements of due process and the federal or state rules.

IT IS SO ORDERED.

Dated:   **September 16, 2015**

_____
UNITED STATES MAGISTRATE JUDGE