# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>SJZ SHIELDS, LLC,<br><br>    Defendant. | Case No.  1:15-cv-00765---SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION FOR DEFAULT JUDGMENT AND DIRECTING CLERK OF THE COURT TO ASSIGN ACTION TO A SACRAMENTO DISTRICT JUDGE<br><br>(ECF No. 8, 11, 12)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiff's motion for default judgement.  A hearing on the motion was held on October 14, 2015.  Counsel Tanya E. Moore appeared telephonically for Plaintiff.  Defendant did not appear at the hearing.  Having considered the moving papers and the Court's file, the Court issues the following findings and recommendations.

## I.

## PROCEDURAL HISTORY

Plaintiff is substantially limited in his ability to walk and must use a cane or walker for mobility due to arthritis and is missing a digit on his dominant hand which limits his ability to grasp and manipulate objects.  (Compl. ¶ 8, ECF No. 1.)  On August 23, 2014, Plaintiff went to EZ Mart Gas in Fresno, California and was unable to locate any designated assessable parking;

the ramp from the parking lot into the store was obstructed by a curb; and the doors were propped open and there was not sufficient room for him to walk around the door on the sidewalk to enter the store without stepping off the sidewalk. (Id. at ¶¶ 1, 10.) Plaintiff alleges that he will return to the facility once the barriers are removed. (Id. at 12.) On May 19, 2015, Plaintiff filed the instant action alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; California's Unruh Act, Cal. Civ. Code §§ 51 et seq.; and the California Health and Safety Code. (Id. at pp. 4-8.)

On May 22, 2015, Plaintiff served a copy of the summons and complaint on Defendant by leaving the documents with Marco Sena, the individual who appeared to be in charge, at 4201 E. Shields Avenue, Fresno, California, and the documents were mailed. (Proof of Service, ECF No. 4.) Defendant did not respond to the complaint and on July 10, 2015, Plaintiff filed request for entry of default. (ECF No. 6.) On July 13, 2015, the Clerk of the Court entered default against Defendant. (ECF No. 7.) On September 8, 2015, Plaintiff filed the instant motion for default judgment. (ECF No. 8.) At the request of the Court, Plaintiff filed a supplemental brief regarding service of process on October 1, 2015 and a supplemental request for attorney fees.[1] (ECF Nos. 11, 12.)

## II.

## LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for

---

[1] Initially, the Court had a question regarding whether the service in this action was sufficient to provide notice to Defendant due to the proof of service submitted in support of the motion for default judgment. Plaintiff has now clarified that service was attempted on the address listed for the registered agent for service of process, but no such address existed. (ECF No. 11-1 at ¶ 2.) Thereafter counsel researched public records and discovered that the agent for service of process is employed as Defendant's manager. (Id.) Accordingly the agent for service of process was served at his normal place of business, the gas station which is the subject of this action. (Id. at ¶¶ 4-6.)

The Court has reviewed Plaintiff's supplemental briefing and finds that the service in this instance substantially complied with the requirements of Rule 4 of the Federal Rules of Civil Procedure and California state law. Accordingly, Plaintiff has demonstrated that service in this instance was reasonably calculated to provide notice of the pendency of this action and to afford defendant the opportunity to defend this action. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2).

An entry of default judgment is governed by Federal Rule of Civil Procedure 55, which allows the court to conduct hearings when necessary to enter or effectuate judgment. The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has set forth the following factors for the court is to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Once default has been entered, the factual allegations in the complaint are taken as true, but the allegation regarding the amount of damages must be proven. See Fed R. Civ. P. 55(b)(2); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).

### III.

### DISCUSSION

**A.     The Eitel Factors Weigh in Favor of Default Judgment**

As discussed below, consideration of the Eitel factors weighs in favor of granting default judgment in this instance.

1.     <u>Prejudice to Plaintiff if Default Judgment is Not Granted</u>

The first factor weighs in favor of entry of default judgment. If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action unless Defendant appears. Defendant may never appear in the action.

///

   2.   The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

The court is to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. In doing so, the court looks to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

   a.  **Americans with Disabilities Act**

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-In Restaurant, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000). A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. Molski, 481 F.3d at 730.

Plaintiff alleges that he requires the use of a walker or cane and is missing a digit on his dominant hand substantially limiting his ability to grasp and manipulate objects. (ECF No. 2 at ¶ 8.) Plaintiff has alleged facts to plead that he is "physically disabled" as defined by applicable California and federal law. (Id.) The facility is a public accommodation facility which is open to the public, intended for non-residential use, and its operations affect commerce. (Id. at ¶ 9.)

1  Further, Plaintiff alleges that Defendant owns, operates, or leases the facility and has sufficient
2  control to make the modifications to remove impediments to wheelchair access.  (Id. at ¶¶ 7, 14.)
3  This is sufficient to allege liability for failure to comply with the ADA.
4      Plaintiff visited the property on August 23, 2014, and allegedly was unable to locate any
5  designated accessible parking at the facility forcing him to park in a standard parking stall; the
6  ramp from the parking lot to the sidewalk was obstructed by a curb that ended in the middle of
7  the ramp requiring Plaintiff to step over the curb; and the entrance doors were propped open
8  requiring Plaintiff to maneuver around them by stepping off the sidewalk and then back up on
9  the sidewalk on the other side of the door.  (Id. at ¶ 10.)  Plaintiff alleges that these barriers can
10 be removed without much difficulty or expense and Defendant has refused to remove the barriers
11 when it was readily achievable to do so.  (Id. at ¶¶ 21-22.)  These allegations are taken as true
12 due to Defendant's default, and Plaintiff has met his burden of stating a prima facie claim for
13 discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of
14 the ADA.

15      **b.   Unruh Act**

16      Plaintiff also brings a state law claim for violation of the Unruh Act.  The Unruh Act
17 provides that "[a]ll persons within the jurisdiction of this state are free and equal, and . . . are
18 entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all
19 business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  The Unruh Act also
20 provides that no business shall discriminate against any person due to disability.  Cal. Civ. Code
21 § 51.5(a).  A violation of the ADA also violates the Unruh Act.  Cal. Civ. Code § 51(f).  The
22 Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as
23 well as attorneys' fees.  Cal. Civ. Code § 52(a).  A litigant need not prove any actual damages to
24 recover statutory damages of $4,000.  Molski, 481 F.3d at 731.

25      As Plaintiff's claims state a cause of action entitling him to relief under the ADA,
26 Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

27      **c.   California Health and Safety Code**

28      Plaintiff brings state law claims for violation of the Health and Safety Code.  The

5

California Health and Safety Code requires that all public accommodations constructed in California adhere to the requirements of Government Code § 4450. Cal. Health & Safety Code § 19955(a). Government Code § 4450(a) provides that "all buildings, structures, sidewalks, curbs, and related facilities . . . shall be accessible to and usable by persons with disabilities." The California Health and Safety Code also provides that "[e]very existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation." Cal. Health & Safety Code § 19959.

In his complaint, Plaintiff incorporates the factual allegations and states that "the [f]acility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the [f]acility was not exempt under Health and Safety Code § 19956." (ECF No. 1 at ¶ 44.) Although Plaintiff's pleading is largely boilerplate, the Court finds this claim is sufficiently pled for the purpose of default judgment as it is sufficient to support the relief requested.

Finally, liability for violations of the ADA applies to the landlord and operator of the public accommodation. <u>Botosan v. Paul McNally Realty</u>, 216 F.3d 827, 832-833 (9th Cir. 2000). In this instance, Plaintiff has pled that "Defendant owns, operates, and/or leases the [f]acility." (ECF No. 1 at ¶ 7.) As pled, the complaint is sufficient to allege liability. Plaintiff's complaint has sufficiently stated a cause of action for violations of the ADA, Unruh Act, and California Health and Safety Code and the allegations appear to have merit. Accordingly, these factors weigh in favor of granting default judgment.

### 3. The Sum of Money at Stake in the Action

The sum of money at stake in this action also weighs in favor of default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). In this action, Plaintiff is seeking statutory damages, costs, and attorney's fees in the amount of

$6,881.50.[2]  This is not a large amount of money, nor does it seem unreasonable in light of the allegations contained in the complaint.  This factor weighs in favor of granting default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

In this action, Plaintiff has filed a well-pleaded complaint including the elements necessary to prevail on the causes of action alleged.  The Clerk of the Court has entered default and therefore, the factual allegations in the complaint are taken as true.  There is no likelihood that there are genuine of issues of material fact in dispute in this action.  Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

Defendant has failed to file a responsive pleading, or oppose the motion for default judgment.  Four months have passed since Plaintiff served the complaint in this action.  Additionally, it has been three months since the Clerk entered default against Defendant.  Defendant has been provided with two notices regarding this action and given the amount of time that has passed without Defendant responding, the possibility that the failure to respond is due to excusable neglect is remote.  This factor weighs in favor of granting default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Whenever possible cases should be decided on the merits, however, a defendant's failure to answer the complaint "makes a decision on the merits impractical if not impossible."  PepsiCo, Inc., 238 F.2d at 1177.  In this instance, the factors favoring default judgment outweigh the policy favoring a decision on the merits.

**B.    Damages**

1.    Equitable Relief

Plaintiff seeks declaratory and injunctive relief under the ADA for the violations alleged in the complaint.  The declaratory relief which Plaintiff seeks is to provide a sufficient ground to find that the allegations not only violate the ADA, but also by virtue of Civil Code section 51(f),

---

[2] Plaintiff seeks $5,856.00 in attorney fees in the initial motion and an additional $1,025.50 in his supplemental request for fees.  (ECF Nos. 8, 12.)

7

1 violate the Unruh Act. Based on the allegations in the complaint, Plaintiff is entitled to
2 declaration that, due to the condition of the property, Defendant SJZ Shields, LLC is in violation
3 of Title III of the ADA.

4       Plaintiff also seeks an injunction requiring the removal of all architectural barriers to
5 Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include
6 an order to alter facilities to make such facilities readily accessible to and usable by individuals
7 with disabilities to the extent required" by the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to
8 federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he
9 encountered on his visit to the facility that violated the ADA. Therefore, an injunction should
10 issue requiring Defendant to ensure that the parking lot and sidewalk are compliant with
11 applicable law as set forth in the ADA and Unruh Act.

12       2.      <u>Statutory Damages</u>

13       Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the
14 California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each
15 violation. Cal. Civ. Code § 52(a); <u>Grove v. De La Cruz</u>, 407 F.Supp.2d 1126, 1133 (C.D. Cal.
16 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled
17 to statutory damages of $4,000.00.

18       3.      <u>Attorney Fees</u>

19       Plaintiff is requesting attorney's fees and costs of $6,881.50 in this action. Pursuant to 42
20 U.S.C. § 12205, the party that prevails on a claim brought under the ADA may recover
21 reasonable attorney fees and cost at the discretion of the Court. "[U]nder federal fee shifting
22 statutes the lodestar approach is the guiding light in determining a reasonable fee." <u>Antoninetti</u>
23 <u>v. Chipotle Mexican Grill, Inc.</u>, 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and
24 citations omitted). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. <u>See</u> <u>D'Emanuele [v. Montgomery Ward & Co., Inc.</u>, 904 F.2d 1379, 1383 (9th Cir. 1990)]; <u>Hensley [v. Eckerhart</u>, 461 U.S. 424,] 461 (1983). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. <u>See</u> <u>Hensley</u>, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not

reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Id. at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] See Blum v. Stenson, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); Hensley, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (quoting Blum, 465 U.S. at 898-901); Blum, 465 U.S. at 897; D'Emanuele, 904 F.2d at 1384, 1386; Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1989).

Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. Antoninetti, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the loadstar, but is required to provide a clear but concise reason for the fee award. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum, 465 U.S. at 896 (1984).

Plaintiff is seeking $300.00 per hour for the work performed by his attorney, Ms. Moore; $115.00 per hour for work performed by Paralegal Whitney Law; and $95.00 for work performed by Paralegal David Guthrie. (ECF No. 8-1 at 9.) The Court finds that the requested rate for the services of Ms. Moore are reasonable for the work performed in this action. See Moore v. Ruiz, 2012 WL 3778874, at *6 (E.D. Cal. Aug. 31, 2012) (compiling cases and finding $300.00 a reasonable fee for Ms. Moore's services). However, the Court finds that some of the time which was spent on this case is excessive in light of counsel's experience, the straight forward nature of this action, and that there are no unique factual or legal issues involved here. . Additionally, as discussed below, the Court finds the fee charged for Ms. Law to be excessive.

a.     **Attorney Billing in This Action**

Ms. Moore states that she has spent 11.9 hours on this matter and 2 hours on the

1 supplemental briefing. While Ms. Moore is entitled to bill for the time spent reviewing the
2 documents prepared by her staff, the Court finds the amount of time billed to be unreasonable
3 given her experience and the allegations in this action. Additionally, some of these services are
4 duplicative and therefore shall be denied.

5 The Court notes that the complaint and motions filed in this action are boilerplate and the
6 time counsel spent reviewing such boilerplate filings is excessive. Ms. Moore states that she
7 spent 1.6 hours on April 13, 2015 in preparing the complaint, reviewing research and drafting the
8 complaint. Additionally, Ms. Law spent .9 hours on April 8, 2015, researching the Defendants
9 and preparing the draft complaint. (ECF No. 8-5 at 2.) Based upon the Court's familiarity with
10 the actions filed by Ms. Moore's firm in this court, the Court is aware that this is basically a form
11 complaint and is substantially similar to dozens of other actions filed in this district. The time
12 billed is excessive and duplicative and 1 hour would be a reasonable amount of time for Ms.
13 Moore to spend on preparing, researching, reviewing, and drafting the complaint. See Hensley,
14 461 U.S. at 433–34 (hours requested may be reduced where expenditure of time deemed
15 excessive, duplicative, or otherwise unnecessary).

16 On May 19, 2015, Ms. Moore billed .9 hours (.4 for new case documents; .5 for status
17 conference re consent) to review the new case documents issued in this action. (ECF No. 8-3 at
18 2.) On this same date, Mr. Guthrie billed 1 hour which included processing these documents and
19 updating the case file with the case number. (ECF No. 8-7 at 2.) The civil new case documents
20 are issued in all civil cases in this district and are very similar, even between different judges.
21 Given counsels practice in this district, the routine nature of these documents, review of the civil
22 case documents would only require a minimal amount of time. The amount of time billed (54
23 minutes) is an excessive amount of time to review such routine documents. The Court finds that
24 this request for reimbursement is excessive and should not be awarded.

25 On this same date, Ms. Moore billed .5 hours to review the complaint. (Id.) Given that
26 counsel prepared and filed the complaint, this is duplicative of the time spent preparing the
27 complaint for filing and should not be awarded.

28 Between September 2 and 7, 2015, Ms. Moore spent 5.6 hours drafting, revising and

finalizing the instant motion for entry of default judgment. (ECF No.8-3 at 2.) Ms. Law billed for 1.7 hours on September 2, 2015 to prepare the draft motion for entry of default judgment and .7 hours on September 8, 2015 to finalize the motion, compile exhibits, instructions for service and filing. (ECF No. 8-5 at 2.) The time sought by Ms. Moore is excessive given that counsel uses a boilerplate motion. See Motion for Entry of Default Judgment filed at ECF No. 27 in Moore v. Watkins, No. 1:15-cv-00115-JAM-GSA (E.D. Cal.) and ECF No. 37 in Gutierrez v. Leng, No. 1:14-cv-01027-WBS-SKO (E.D. Cal.) The Court finds that 2 hours is a reasonable amount of time for counsel to have spent drafting, revising, and finalizing the instant motion for entry of default judgment.

Finally, Ms. Moore billed for .1 hours on June 5, 2015 to review the summons returned executed; June 15, 2015 for the consent to jurisdiction of Magistrate Judge; and July 13, 2015 for review of the Clerks Entry of Default. (ECF No. 8-3 at 2.) These are routine documents that were prepared by Plaintiff's office and 18 minutes to review these documents is excessive. The Court finds that .1 hours would be a reasonable time to review all three of these documents.

Ms. Moore is seeking 2 hours for preparation of the supplemental briefing and the Court finds this time to be reasonable.

Accordingly, Ms. Moore's hours should be reduced by 5.8 hours (.6 hours for preparation, review, and drafting of the complaint; .9 hours for reviewing new case documents; .5 hours for reviewing the complaint after it was filed; 3.6 hours for preparing, reviewing, and finalizing the motion for entry of default judgment; and .2 hours for reviewing court communication). The Court recommends that Plaintiff be reimbursed for 8.1 hours at $300.00 per hour for a total of $2,430.00 for the services of Ms. Moore in this action.

**b.     Paralegal Billing in this Action**

Plaintiff seeks $115.00 per hour for 5.3 hours[3] expended in this matter by Ms. Law and $95.00 per hour for 2.2 hours expended in this matter by Mr. Guthrie. (ECF No. 8-1 at 8; ECF No. 12-2 at 2.)

---

[3] 5.3 hours in the original motion and 3.7 hours for the supplemental briefing.

11

1       In determining if the paralegal rates are reasonable the Court has reviewed orders that
2 have been issued recently granting motions for attorney fees in the Eastern District for cases
3 arising under the ADA. Gutierrez v. Leng, No. 1:14-cv-01027-WBS-SKO, 2015 WL 1498813,
4 at * 11 (E.D. Cal. March 31, 2015) (granting Ms. Law $115.00 per hour and Mr. Guthrie $95.00
5 per hour); Moore v. Watkins, 2015 WL 5923404, at *6 (E.D. Cal. Oct. 9, 2015) (finding $115.00
6 per hour to be a reasonable paralegal rate in this district). Accordingly, the Court finds that
7 $115.00 per hour is a reasonable rate for the paralegal services of Ms. Law and $95.00 per hour
8 to be a reasonable rate for Mr. Guthrie. Having reviewed the billing records of Ms. Law, the
9 hours expended in this action appear to be reasonable.

10       However, review of the billing records of Mr. Guthrie reveals that many of the tasks he
11 provided in this action were clerical in nature. In billing for legal services, "purely clerical or
12 secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."
13 Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989). Therefore, Mr. Guthrie's hours
14 shall be reduced by the following.

15       On May 19, 2015, Mr. Guthrie billed 1.5 hours which included preparing the complaint
16 as a PDF document, receiving an e-mail from the Court and forwarding to Clio, saving
17 documents to the Clio folder, updating the case status to open and moving receipts/notes to the
18 filed binder; updating the case number; and adding defendant's information to Clio. (ECF No. 8-
19 7 at 2.) These are clerical tasks that may not be billed at the paralegal rate and the Court finds
20 that 1 hour would be a reasonable amount of time for the non-clerical tasks performed.
21 Therefore the hours on May 19, 2015 shall be reduced by .5 hours.

22       On July 2, 2015 Mr. Guthrie billed .2 hours for receiving the proof of service, scanning to
23 Clio case file and updating tasks. (Id.) These are clerical tasks and should not be reimbursed at
24 a paralegal rate.

25       The Court shall reduce Mr. Guthrie's hours by .7 and finds that 1.5 hours is a reasonable
26 number of hours for the services of Mr. Guthrie.

27       Based on the foregoing, the Court recommends that Plaintiff be reimbursed a total of
28 $1,177.50 [$1,035.00 (9 hours at $115.00 per hour) for the services of Ms. Law and $142.50 (1.5

hours at $95.00 per hour) for the services of Mr. Guthrie] for paralegal services in this matter.

4. <u>Costs</u>

Plaintiff seeks costs of $1,467.50 in this action. Section 12205 of the ADA, provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C.A. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1058 (9th Cir.2002). The costs here include expenses for the court filing fee, costs of service, and a fee for a site inspection of the property, which are compensable pursuant to 42 U.S.C. § 12205 and <u>Lovell</u>, 303 F.3d at 1058.

The Court has reviewed the documentation provided in support of the request for costs and finds that the costs are reasonable. Accordingly, Plaintiff should be awarded costs of $1,467.50 in this matter.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for entry of default judgment should be granted;

2. Judgment should be entered in Plaintiff's favor and against Defendant SJZ Shields, LLC;

    Defendant SJZ Shields, LLC be found and declared to be in violation of Title III of the American's with Disabilities Act;

3. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000 payable by Defendant to the Moore Law Firm, P.C. Trust Account, and delivered to the Moore Law Firm, P.C., 332 North Second Street, San Jose, California 95112;

4. Plaintiff be awarded reasonable attorney's fees and costs in the amount of $5,075.00 payable by Defendant to the Moore Law Firm, P.C. Trust Account, and delivered to the Moore Law Firm, P.C., 332 North Second Street, San Jose,

California 95112; and

5. Defendants be ordered to make the following modifications to the property known as EZ Mart Gas, located at 4201 East Shields Avenue in Fresno, California, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

   a) At least one properly configured and identified van-accessible parking stall with adjacent access aisle shall be provided and shall be located on the shortest accessible route of travel to the designated accessible building entrance;

   b) A properly configured bottom landing shall be provided at the curb ramp leading from the parking lot toward the building entrance; and

   c) Proper clear, level maneuvering clearance shall be provided at the exterior landing of the building entrance doors; and

6. The Clerk of the Court is directed to assign this action to the docket of a Sacramento District Judge.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

//
//
//
//
//
//

14

time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 14, 2015**

UNITED STATES MAGISTRATE JUDGE